UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAYMOND RODRIGUEZ,  :

        Plaintiff,  :

        -against-  :  **REPORT AND RECOMMENDATION**

THE CITY OF NEW YORK, ET AL.,  :  05 Civ. 10041 (RJH)(KNF)

        Defendants.  :

------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. HOLWELL, UNITED STATES DISTRICT JUDGE

    On October 20, 2005, the plaintiff Raymond Rodriguez ("Rodriguez") commenced this action pro se, pursuant to 42 U.S.C. § 1983. Rodriguez failed to serve a copy of the summons and complaint upon the defendants within 120 days of that date. In an order dated May 1, 2008 ("May 1st Order"), the Court directed that Rodriguez effect service of the summons and complaint upon the defendants and file proof of that service, on or before May 30, 2008.

    The May 1st Order advised that "[i]f the defendants are not served with the summons and complaint on or before May 30, 2008, and if the plaintiff fails to show cause, in writing, why service has not been effected, a report and recommendation will be made to the assigned United States district judge that the complaint be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure." The docket sheet maintained by the Clerk of Court for this action does not indicate that Rodriguez has filed any proof of service.

    Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a plaintiff's action for failure to prosecute the action or for failure to comply with an order of the

1

court.  See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).  Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

After he initiated the instant action approximately 32 months ago, Rodriguez did not effect service within the original 120-day period provided by Rule 4(m), nor within the additional period provided by the May 1st Order.  Moreover, after receiving notice that a continued failure to prosecute the action would result in a report and recommendation that the complaint be dismissed, he has not submitted anything to the Court in an attempt to show good cause for his failure to comply with the above-noted order.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Holwell.  FAILURE TO FILE

OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
June 26, 2008

Copy mailed to:

Raymond Rodriguez

Respectfully submitted,

/Kevin Nathaniel Fox/

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

3